IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUSTIN ALLEN REEVES, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. SA-22-CV-1041-FB |
| | § |
| COMMISSIONER OF THE SOCIAL | § |
| SECURITY ADMINISTRATION, | § |
| | § |
| Defendant. | § |

**ORDER ACCEPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on October 11, 2023 (docket #14). The CM/ECF system reflects that as of this date, no objections to the Report and Recommendation have been filed.[1]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that the decision of the Commissioner denying

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

plaintiff's application for disability insurance benefits and social security income under Title XVI and finding that the plaintiff is not disabled shall be VACATED and the case REMANDED to the Commissioner for reconsideration and further factfinding consistent with and as discussed in the Report and Recommendation.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on October 11, 2023 (docket #14), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the decision of the Commissioner denying plaintiff's application for disability benefits and social security income under Title XVI and finding that the plaintiff is not disabled is VACATED and this matter REMANDED to the Commissioner for reconsideration and further factfinding consistent with and as discussed in the Report and Recommendation.  IT IS FURTHER ORDERED that the Clerk forward a certified copy of this order to the Commissioner of the Social Security Administration, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 28th day of November, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE